IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action NO. 15-cv-01389-WYD-CBS

JEANNE STROUP, and
RUBEN LEE,

      Plaintiffs,

v.

UNITED AIRLINES, INC.,

      Defendant.

---

**ORDER REGARDING DEFENDANT'S MOTION FOR THE ENTRY OF
A PROTECTIVE ORDER**

---

Magistrate Judge Shaffer

      Litigation decisions divorced from common sense have little or no strategic value.[1] Similarly, a discovery dispute that does not materially promote the just, speedy, and inexpensive determination of pending litigation can best be described as a fight not worth having.  This court has been confronted with just such a dispute.

      This matter comes before the court on Defendant United Airlines, Inc.'s Motion for the Entry of a Protective Order (doc. #36) and (Proposed) Protective Order (doc. #36-1) filed on August 19, 2016.  Plaintiffs Jeanne Stroup and Ruben Lee filed their Response to Defendant's Motion for a Entry of a Protective Order (doc. #40) on September 2, 2016.  This court held a

---

      [1]Webster's New Collegiate Dictionary defines "strategic" as "necessary to or important in the initiation, conduct or completion of a strategic plan" or "of great important within an integrated whole or to a planned effect."

hearing on the pending motion on September 12, 2016.  After carefully considering the

arguments advanced in the parties' papers and during the September 12 hearing, the court will

grant in part and deny in part Defendant's Motion for the Entry of a Protective Order.

## PROCEDURAL BACKGROUND

Plaintiffs Stroup and Lee commenced this action on June 29, 2015 with the filing of a

Complaint (doc. #1) that asserts a single claim for relief against Defendant United Airlines under

the Age Discrimination in Employment Act, as amended, 29 U.S.C. §§ 621, *et seq.*  Defendant

filed a Motion to Dismiss Complaint and This Action (doc. #14) on September 22, 2015, and a

Motion to Stay Discovery and Vacate Settlement Conference Pending Resolution of Motion to

Dismiss Complaint and This Action (doc. #17) on October 22, 2015.

On November 10, 2015, this court heard argument regarding Defendant's motion to stay.

At the conclusion of that hearing, I granted in part and denied Defendant's motion.  I permitted

each party to serve 15 interrogatories and 15 requests for production on any opposing party, but

stayed all depositions and expert discovery during the pendency of the motion to dismiss.  The

parties also were directed to complete Fed. R. Civ. P. 26(a)(1) disclosures by November 20,

2015.

On April 11, 2016, the district court denied Defendant's motion to dismiss, and United

Airlines filed an Answer (doc. #25) on April 25, 2016.  This court entered a Fed. R. Civ. P. 16

scheduling order on June 10, 2016.  That order adopted the parties' proposed discovery cutoff

date of November 7, 2016 and their proposed dispositive motion deadline of November 17,

2016.  The District of Colorado's standard scheduling order includes a section entitled "Other

Scheduling Issues" and invites counsel to "[i]dentify the discovery or scheduling issues, if any,

2

on which counsel after a good faith effort, were unable to reach an agreement."  The proposed scheduling order submitted by the parties made no mention of the need for a protective order.[2]

On July 18, 2016, the parties filed a Stipulated Extension to Respond to Discovery (doc. #30).  In this filing, the parties acknowledged that each side had propounded a "First Set of Discovery" on June 16, 2016, and had stipulated that discovery responses would be served on or before July 22, 2016.  Defendant subsequently filed an Unopposed Motion for Extension of Time (doc. #33) requesting until July 26, 2016 to serve discovery responses.  Defense counsel explained that her client "has been working diligently to review thousands of documents and prepare its responses to Plaintiffs' discovery requests.  A significant amount of time has been expended related to the gathering and sorting of electronically stored information."  I granted Defendant's unopposed motion on July 25, 2016.

During the motion hearing on September 12, 2016, counsel provided the court with a more comprehensive recitation of their discovery efforts to date.  Defense counsel advised that she tendered a proposed protective order to Plaintiffs' attorney on October 26, 2015, but the drafting process did not progress thereafter.  Plaintiffs apparently served their first set of Fed. R. Civ. P 34 discovery requests shortly after November 10, 2015.[3]  Plaintiffs served their first set of

---

[2]Rule 26(f)(3)(F) of the Federal Rules of Civil Procedure specifically states that the parties' proposed discovery plan "must state the parties' views and proposals on . . . any other orders that the court should issue under Rule 26(c)."

[3]The scope of those requests and the production in response to those requests is less than clear to the court.  Plaintiffs' counsel advised that his clients' initial requests for production had been narrowly drafted and that United Airlines' response to those initial requests had been complete.  Defense counsel stated, to the contrary, that she withheld otherwise responsive documents that United Airlines considered confidential.  If the latter statement is correct, I would have expected the parties to promptly negotiate and address with the court, if necessary, the terms of an appropriate protective order.

interrogatories and second set of requests for production in June 2016, and Defendant served its responses on July 27, 2016.  Defense counsel advised that "additional documents marked Confidential will only be produced after the entry of a Protective Order in this case" and referred Plaintiffs' counsel to the draft protective order provided via email on October 26, 2015.  Defense counsel informed the court on September 12, 2016, that her client to date has designated, but withheld, 396 pages of confidential material.  With the protective order issue still unresolved and no agreement in place, Plaintiffs' counsel served his client's second set of interrogatories and third set of requests for production on August 19, 2016.  That same day, Defendant United Airlines filed the pending motion for entry of a protective order.[4]

The parties concede that some of the discovery in this case justifies a "confidential designation."  *See* Plaintiffs' Response, at ¶¶ 10 and 11 (acknowledging that "some information and materials produced for the instant case ought to be shielded from public disclosure pursuant to a protective order" and stating that "Plaintiffs have never communicated an intention here to contest Defendant's designation of certain classes of information as confidential under a protective order – *regardless* of whether such designation is factually or legally supported") (emphasis in original).  The parties' dispute revolves around competing versions of Paragraphs

---

[4]The parties' inability to finalize a protective order is particularly striking given their discovery cutoff date of November 7, 2016.  This court may extend any pretrial deadline "only for good cause."  *See* Fed. R. Civ. P. 16(b)(4).  At this point, that relief might be difficult to grant if delay is attributable to the lack of a protective order.  *See Pumpco, Inc. v. Schenker Int'l, Inc.*, 204 F.R.D. 667, 668 (D. Colo. 2001) (holding that the "good cause" standard under Rule 16(b)(4) requires the moving party to show that despite its diligent efforts, it could not have reasonably met the scheduled deadline); *Colo. Visionary Acad. v. Medtronic, Inc.*, 194 F.R.D. 684, 687 (D. Colo. 2000) ("Rule 16(b) does not focus on the bad faith of the movant, or the prejudice to the opposing party.  Rather, it focuses on the diligence of the party seeking leave to modify the scheduling order to permit the proposed amendment.").

11 and 12 of Defendant's proposed protective order.

## ANALYSIS

Rule 26(c) of the Federal Rules of Civil Procedure permits the court, on a showing of good cause, "to issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense."  *See* Fed. R. Civ. P. 26(c)(1).  The party seeking a protective order has the burden of proof,[5] and cannot sustain that burden or establish the requisite good cause merely by offering conclusory statements.[6]  To obtain relief under Rule 26(c), the moving party "must make 'a particular and specific demonstration of fact' in support of its request."[7]

Consistent with the goals underlying Rule 1 of the Federal Rules of Civil Procedure,[8]

---

[5] *See, e.g.*, *Worldwide Home Prods., Inc. v. Time, Inc.*, No. 11 Civ. 3633(LTS)(MHD), 2012 WL 1592317, at *1 (S.D.N.Y. May 4, 2012) (noting that "the party seeking Rule 26(c) protection bears the burden of proof and persuasion").

[6] *See, e.g.*, *Norfolk S. Ry. Co. v. Pittsburgh & W. Va. R.R.*, No. 2:11-cv-1588, 2013 WL 6628624, at *1 (W.D. Pa. Dec. 17, 2013); *Equal Emp't Opportunity Comm'n v. Winn-Dixie, Inc.*, No. CA 09-0643-C, 2010 WL 2202520, at *2 (S.D. Ala. May 28, 2010).

[7] *See e.g., Aikens v. Deluxe Fin'l Servs., Inc.*, 217 F.R.D. 533, 536-37 (D. Kan. 2003). *Cf. Flint Hills Sci., LLC v. Davidchack*, No. 00-2334-KHV, 2001 WL 1718291, at *2 (D. Kan. Dec. 3, 2001) (holding that a party seeking a protective order must support a claim of confidentiality with a "particular and specific demonstration of fact, as distinguished from stereotyped and conclusory statements").

[8] Since December 1, 2015, Rule 1 directs courts and parties to construe, administer, and employ the Federal Rules of Civil Procedure "to secure the just, speedy, and inexpensive determination of every action and proceeding."  The accompanying Committee Note recognizes that "[e]ffective advocacy is consistent with – and indeed depends upon – cooperative and proportional use of procedure," and cautions against the "over-use, misuse and abuse of procedural tools that increase cost and result in delay."  *See* Fed. R. Civ. P. 1 advisory committee's note to 2015 amendment.

5

litigants commonly employ stipulated protective orders[9] to facilitate the disclosure of relevant information without fear of subsequent dissemination to non-parties and without the expense and delay associated with discovery disputes concerning specific information or documents.  *See United Nuclear Corp. v. Cranford Ins. Co.*, 905 F.2d 1424, 1427 (10th Cir. 1990).  *Cf. Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1137 (9th Cir. 2003) (noting protective orders reduce conflict over discovery and facilitate the flow of information through the discovery process); *New Wave Innovations, Inc. v. Greenberg*, No. 14-24544-Civ-COOKE/TORRES, 2015 WL 5118130, at *1 (S.D. Fla. Aug. 31, 2015) (recognizing that the parties' "Stipulated Protective Order was intended to facilitate the exchange of confidential/proprietary information for discovery purposes . . . while maintaining the confidentiality of such information"); *Crossfit, Inc. v. Nat'l Strength & Conditioning Ass'n*, No. 14 cv 1191-JLS(KSC), 2015 WL 12466532, at *2 (S.D. Cal. Jul. 16, 2015) ("Among the goals furthered by protective orders is reducing conflict over discovery and facilitating the flow of information through discovery"); *Smith & Nephew, Inc. v. N.H. Ins. Co.*, No 04-cv-03027-STA-cgc, 2010 WL 5387480, at *1 (W.D. Tenn. Dec. 22, 2010) (the court entered the parties's stipulated protective order to "expedite the flow of discovery material, facilitate the prompt resolution of disputes over confidentiality, and adequately protect material entitled to be confidential"); *Koch Indus., Inc. v. United States*, No. 06-1049-JTM, 2006 WL 3007487, at *2 (D. Kan. Sept. 19, 2006) (noting that "stipulated protective orders facilitate and expedite the exchange of sensitive information during the

---

[9]An "umbrella protective order" purports to designate all discovery as protected without review by the parties or the court, while a "blanket protective order" contemplates that the producing party or non-party will have the burden of determining what information is entitled to protection.  *See Gillard v. Boulder Valley Sch. Dist. RE-2*, 196 F.R.D. 382, 386 (D. Colo. 2000).

'discovery phase'"). Of course, stipulated protective orders fundamentally must rely upon the good faith of all concerned parties and counsel.

The essential point was made by the court in *In re Estate of Martin Luther King, Jr., Inc. v. CBS, Inc.*, 184 F. Supp. 2d 1353, 1362 (N.D. Ga. 2002). "[C]alling a document confidential does not make it so in the eyes of the court; these consensual protective orders merely delay the inevitable moment when the court will be called upon to determine whether Rule 26(c) protection is deserved, a decision ultimately rooted in whether the proponent demonstrates good cause." It necessarily follows that if the parties cannot reach agreement on the terms of a protective order, litigants are left to invoke Rule 26(c) on a document-by-document or request-by-request basis. That default procedure will almost certainly result in increased costs and delay for the parties, and further tax already strained judicial resources.

If stipulated protective orders are intended to avoid unnecessary discovery disputes, it seems self-evident that the drafting process itself should not become the subject of contentious motion practice. While model protective orders are available[10] and may assist the parties in developing a procedure best suited to the circumstances of their particular case, a drafting process that devolves into posturing or "my way or else" intransigence is patently unproductive and has the potential to bring the discovery process to a complete halt. A "standard" or "model" protective order has no talismanic value and should not substitute for counsels' own thoughtful analysis. Counsel should tailor a stipulated protective order to the specific needs and

---

[10]For example, the United States District Court for the Northern District of California has court-approved model protective orders for "standard litigation" and "litigation involving patents, highly sensitive confidential information and/or trade secrets." These model orders are available on that District Court's website.

circumstances of the case at hand, rather than reflexively recycling hackneyed forms.

      This court's brief review of reported decisions reveals that stipulated protective orders can incorporate various dispute resolution mechanisms.  So, for example, in *Crossfit,* 2015 WL 12466532, at *5, the parties' stipulated protective order provided that the party objecting to a "confidential" designation "may move the Court for a ruling on the objection."  The stipulated protective order in *Belmont v. BP America Production Co.*, No. 13-CV-0063-F, 2015 WL 11017785, at *2 (D. Wyo. May 7, 2015) stated that if the parties were unable to resolve their dispute informally, "the Receiving Party may file a motion with the Court to have the designation removed," and "t]he Disclosing Party shall have the burden of establishing the confidentiality of the particular data, material, or information."  The Northern District of California's model protective order for non-standard litigation provides that if the parties cannot informally resolve a challenge to confidentiality without court intervention, "the Designating Party shall file and serve a motion to retain confidentiality."  The same model order recognizes that "the Challenging Party may file a motion challenging a confidentiality designation at any time if there is good cause to do so," subject of course to the same meet and confer obligation.[11]

---

[11]Plaintiffs' counsel, both in his response brief and during oral argument on September 12, 2016, cited several instances where my colleagues (and I) have entered stipulated protective orders that incorporate some or all of the language he proposes in lieu of United Airlines' proffered Paragraphs 11 and 12.  As I explained during the hearing, those stipulated protective orders are not dispositive of the disputes framed by the parties in this case.  Rule 29 of the Federal Rules of Civil Procedure permits the parties, with some limitations, to "stipulate that . . . procedures governing or limiting discovery be modified."  Unless a stipulated protective order runs afoul of or purports to supersede D.C.COLO.LCivR 7.2, or the presiding judge's individual practice standards, the court has little reason to override the parties' agreement.  A court can properly assume that a proposed stipulated protective order was the product of serious discussion between counsel and reflects the collective interests of the parties.  *Cf. W. Convenience Stores, Inc. v. Suncor Energy (U.S.A.), Inc.*, No. 11-cv-01611-MSK-CBS, 2014 WL 1257762, at *8 n.10 (D. Colo. Mar. 27, 2014) (noting this magistrate judge's endorsement of *The Sedona Conference*

8

A.      *The Dispute Over Paragraph 11*

With the preceding discussion as backdrop, I turn to the disputes at hand.  The proposed

protective order appended to Defendant's motion includes the following paragraph:

> 11.      A party may object to the designation of information as Confidential by
> promptly giving written notice to the Party designating the disputed information.
> The written notice shall identify the information to which the objection is made.
> Counsel for the parties shall then, in good faith and on an informal basis, attempt
> to resolve such dispute.  If, after such good faith attempt, counsel is unable to
> resolve the dispute, then the Party objecting to the designation of information as
> Confidential may move for a disclosure order consistent with this Order.  Any
> motion for disclosure shall be filed within fifteen (15) days after the Parties are
> unable to resolve the dispute over the Confidential designation, and the
> information and/or document(s) shall continue to have Confidential status from
> the time it is produced until the ruling by the Court on the motion (that is, if
> disclosure is required by such ruling; otherwise the Confidential status shall
> continue indefinitely).  If the party opposing the Confidential designation fails to
> make such a motion within the fifteen (15) day period, then the information shall
> maintain its designation as Confidential and shall be treated as Confidential in
> accordance with this Protective Order.

*See* Exhibit A (doc. #36-1), at ¶11, attached to Defendant's Motion for Entry of a Protective

Order.  Plaintiffs' counsel has proposed an alternative version of Paragraph 11:

> 11.      A party may object to the designation of information as Confidential by
> promptly giving written notice to the Party designating the disputed information.
> The written notice shall identify the information to which the objection is made.
> If the parties cannot resolve the objection within ten (10) business days after the
> time the notice is received, it shall be the obligation of the party designating the
> information as confidential to file an appropriate motion requesting that the Court
> determine whether the disputed information should be subject to the terms of this
> Protective Order within fourteen (14) days of the aforementioned notice.  If such
> a motion is timely filed, the disputed information shall be treated as confidential
> under the terms of this Protective Order until the Court rules on the motion.  If the

---

*Proclamation* (2008) and his belief that "[c]ooperation does not conflict with the advancement of
. . . . clients' interests").  Here, the court is involved only because the parties could not reach
agreement on certain provisions.  Having been dragged reluctantly into the dispute, the court's
objective is to enter a protective order that is fair to both sides and reasonable in light of the
objectives outlined in Rule 1.

9

> designating party fails to file such a motion within the prescribed time, the disputed information shall lose its designation as confidential and shall not thereafter be treated as confidential in accordance with this Protective Order.  In connection with a motion filed under this provision, the party designating the information as confidential shall bear the burden of establishing the grounds for the disputed information to be treated as confidential.

*See* Plaintiffs' Response (doc. #40), at 1.

Although Plaintiffs' counsel takes exception to Defendant's version of Paragraph 11, nothing in defense counsel's proposed language adversely effects Plaintiffs' presumptive interest in obtaining prompt access to relevant, non-privileged materials without expending time and money on document-by-document disputes.  It appears from counsels' statements during the September 12, 2016 hearing that both sides agree that the designating party bears the ultimate burden of persuasion if a confidential designation is disputed.[12]  Indeed, the party seeking to invoke the protections of a blanket protective order always has the burden of establishing good cause under Rule 26(c).  *See In re Alexander Grant & Co. Litig.*, 820 F.2d 352, 356-57 (11th Cir. 1987).  *Cf. Horner v. Cummings*, No. 14-cv-00639, 2015 WL 4590959, at *10 (M.D. Pa. Jul. 29, 2015) ("A party seeking confidentiality 'has the burden of establishing 'good cause' to protect the umbrella of confidentiality established by the stipulated protective order"); *La. Pac. Corp. v. Money Market 1 Inst. Inv. Dealer*, 285 F.R.D. 481, 490 (N.D. Cal. 2012) (noting that under the parties' agreement "and the applicable authority, when a confidentiality designation is

---

[12]A stipulated protective order, however, is never a substitute for well-considered and proportional discovery and does not relieve counsel of his or her obligation to carefully tailor discovery requests that conform to Fed. R. Civ. P. 26(b)(1) (a party may obtain discovery of non-privileged matter that is "relevant to any party's claim or defense and proportional to the needs of the case").  So, for example, an obviously overbroad discovery request is no less problematic because the parties have agreed to a protective order, or because the requesting party is required to keep the information confidential.  A stipulated protective order also does not relieve counsel of their certification obligations under Fed. R. Civ. P. 26(g).

challenged, the burden of persuasion rests upon the designating party").[13]

Here, the parties differ on the relatively minor issue of which side bears the responsibility for bringing a disputed designation to the court's attention. From my review of reported cases, there does not appear to be a uniform answer to this question.[14] That lack of uniformity is of no moment because the burden to raise a designation challenge with the court does not equate to or even impact the ultimate burden of persuasion. More importantly, wrangling over this procedural formality is inconsequential given this court's well-established practice standards with respect to discovery disputes. My practice standards explicitly state:

> To avoid unnecessary and expensive motion practice, a party may not file an opposed discovery motion without first complying with the following procedures. Counsel and *pro se* parties must make a reasonable, good-faith effort to resolve the discovery dispute without the need for judicial intervention. *See* D.C.COLO.CivR 7.1(a); Fed. R. Civ. P. 26(c)(1); Fed. R. Civ. P. 37(a)(1). If those discussions are not fruitful, the parties next must arrange a telephone conference with the court. That telephone discovery conference will occur on the record. At the conclusion of the court-supervised conference, if the discovery dispute has not been resolved, the court will instruct a party to file a motion and set an expedited briefing schedule to ensure the motion is decided as promptly as

---

[13]*But see Calphalon Corp. v. Meyer Corp.*, U.S., No. S-05-0971 WBS DAD, 2006 WL 2474282, at *1 (E.D. Cal. Aug. 25, 2006) (the stipulated protective order in that case stated that the party challenging the protected nature of a document had the burden of persuasion in demonstrating that the document should not be protected)

[14]As noted, the Northern District of California's model protective order for non-standard litigation provides that if the parties cannot informally resolve a challenge to confidentiality without court intervention, "the Designating Party shall file a serve a motion to retain confidentiality." *Compare Belmont*, 2015 WL 11017785, at *2 (indicating that if parties cannot agree on the designation of particular information or materials, "the Receiving Party may file a motion with the Court to have the designation removed") and *Mulligan v. Provident Life & Accident Ins. Co.*, 271 F.R.D. 584, 594 (E.D. Tenn. 2011) (directing that the parties' revised protective order "must place the burden of filing a motion to challenge a confidential designation on the party objecting to that designation").

possible.[15]

Ironically, the parties could have avoided their current dispute and attendant briefing simply by acknowledging in a stipulated protective order their ongoing obligation to comply with my practice standards.  If this court could not informally resolve the dispute, I would direct a party to file an appropriate motion and set an expedited briefing schedule.[16]  In all likelihood, that would be the designating party, given their burden of persuasion and ready access to pertinent information bearing on the confidential nature of the contested material.

I also note the parties' competing positions on waiver.  Defense counsel's version of Paragraph 11 forces the party challenging a confidential designation to file a motion with the court within a relatively narrow window of time or lose the right to dispute that designation in the future.  Conversely, if the parties cannot agree on a particular designation, Plaintiffs' version of Paragraph 11 requires the designating party to file a motion within a comparably short period of time or risk losing that "confidential" designation for all purposes relating to the instant litigation.  Plaintiffs' version of Paragraph 11 does not preclude an objecting party from asserting seriatim challenges; a prospect that would undermine the very purpose for entering a stipulated protective order.  Indeed, both versions of Paragraph 11 raise the specter of

---

[15]Rule 16 provides that a scheduling order may direct "that before moving for an order relating to discovery, the movant must request a conference with the court."  *See* Fed. R. Civ. P. 16(b)(3)(B)(v).  The Committee Note to Rule 16(b) notes that "[m]any judges who hold such conferences find them an efficient way to resolve most discovery disputes without the delay and burdens attending a formal motion."  *See* Fed. R. Civ. P. 16(b)(3) advisory committee's note to 2015 amendment. That certainly has been this judge's experience over the past twelve years.

[16]I should note that defense counsel filed the instant opposed motion without complying with my practice standard.

unnecessary motion practice.[17]   It bears repeating that the purpose of a stipulated protective order

is to facilitate discovery, not foment distracting disputes.  The threat of waiver may become a

vehicle for gamesmanship that forces a party to file motions that almost certainly will not

materially advance the ultimate disposition of the case.  For those reasons, I find much to

commend the stipulated protective order in *Oracle USA, Inc. v. Rimini Street, Inc.*, No. 10-cv-

00106-LRH-PAL, 2012 WL 6100306, at *8 (D. Nev. Dec. 7, 2012).  That protective order

> contains a provision that a receiving party does not waive its right to challenge a
> confidentiality designation by not promptly challenging a designation unless a
> prompt challenge is necessary to avoid foreseeable substantial unfairness,
> unnecessary economic burdens, or a later significant disruption or delay of the
> litigation.  It contains a detailed procedural mechanism for challenges to a
> confidentiality designation requiring, inter alia, that the designating party bear the
> burden of proof in any challenge to a designation. . . . The protective order allows
> either party to seek modification, or relief from it by applying to the court with
> notice to other parties.

*Cf. Del Campo v. Am. Corrective Counseling Servs., Inc.*, No. C-01-21151-JW (PVT), 2007 WL

3306496, at *4 (N.D. Cal. Nov. 6, 2007) (the parties' protective order provided that "a

Party does not waive its right to challenge a confidentiality designation by electing not to mount

a challenge promptly after the original designation is disclosed").

Plaintiffs' counsel argues that his preferred version of Paragraph 11 is consistent with

"[t]he general policy and presumption in this District . . . to keep litigation open to the public,

barring significant and particularized reasons for confidentiality."  In support of this position,

---

[17]That consequence is not insignificant given Rule 26(c)(3), which provides that "Rule 37(a)(5) applies to the award of expenses."  The latter provision states that a prevailing party may recover reasonable expenses, including attorney's fees, unless the non-prevailing party's position was substantially justified or other circumstances make an award of expenses unjust. *See* Fed. R. Civ. P. 37(a)(5)(A).

counsel cites Local Rule 7.2[18] and my order in *American Friends Service Committee v. City and County of Denver*, Civil Action No. 02-N-740 (CBS), 2004 U.S. Dist. LEXIS 18474 (D. Colo. Feb. 19, 2004).  This argument confuses the objectives underlying a stipulated protective order and the District Court's local rule governing restricted access to court proceedings and court filings.  This important distinction was described in *Skyfire v. ServiceSource, Inc.*, No. 10-cv-03155-WYD-BNB, 2011 WL 6385798, at *1-2 (D. Colo. Dec. 19, 2011), where Magistrate Judge Boyd Boland explained:

> The challenge mechanism in a blanket protective order . . . and a motion to restrict access under D.C.COLO.LCivR 7.2 serve different purposes.  The challenge mechanism is intended to afford the parties the opportunity to determine whether documents marked as confidential may be publically disclosed or, alternatively, whether their distribution is restricted for use only in connection with the associated lawsuit.  Motions invoking the challenge mechanism are rarely filed because once a party has access to a document for use in the lawsuit, whether that document may be disclosed publically rarely is sufficiently important to justify the expense of the briefing and hearing associated with challenging a designation. . . . Motions for restricted access, by contrast, are filed when confidential documents must be filed with the court, usually as exhibits to motions for summary judgment or the like.  In these instances, the document must be filed with the court so that its contents may be considered in connection with the underlying motion.

*Cf. Crossfit,* 2015 WL 12466532, at *4 (recognizing that "[t]he public does not have a strong or compelling interest in access to 'documents produced between private litigants' or in documents submitted to the Court with a nondispositive motion;" "[t]hose who seek to maintain the secrecy

---

[18]Local Rule 7.2(a) provides that "unless restricted by statute, rule of civil procedure, or court order, the public shall have access to all documents filed with the court and all court proceedings."  A party moving to restrict public access must (1) identify the document or the proceedings for which restriction is sought; (2) address the interest to be protected and why such interest outweighs the presumption of public access; (3) identify a clearly defined and serious injury that would result if access is not restricted; (4) explain why no alternative to restriction is practicable or why only restriction will adequately protect the interest in question; and (5) identify the level of restriction sought.  *See* D.C.COLO.LCivR 7.2(a) and (c).

of documents attached to dispositive motions must meet the high threshold of showing that

'compelling reasons' support secrecy"). *See also Blatchley v. Cunningham*, No. 15-cv-00460-

WYD-NYW, 2015 WL 9434459, at *2 (D. Colo. Dec. 24, 2015) ("the entry of a Protective

Order under Rule 26(c) of the Federal Rules of Civil Procedure is not equivalent to an Order to

Restrict any designated document or information from public access"); *Alattar v. Bell*, No. 13-

cv-02990-MSK-KMT, 2014 WL 2566251, at *1 n. 1 (D. Colo. Jun. 6, 2014) (in rejecting

plaintiff's argument that the proposed protective order would "hamstring [his] ability to present

matters to this court," the magistrate judge noted that the protective order "*will not* control the

presentation of confidential documents to the court; Local Rule 7.2 governs restriction of

documents filed with the court") (emphasis in original).

 This court does not lightly disregard or wish to minimize the important right of public

access to judicial proceedings.  However, as I explained at length in *American Friends Service

Committee,* 2004 U.S. Dist. LEXIS 18474, at *20:

> The presumption of public access recognizes content-based exceptions, such as
> the privacy interests of participants and third parties.  *See, e.g., Brown &
> Williamson Tobacco Corp. v. Federal Trade Commission*, 710 F.2d 1165, 1179
> (6th Cir. 1983); *In re Buffalo News,* 969 F. Supp. 869, 871 (W.D.N.Y. 1997) (the
> public's right of access to court records is qualified by individual privacy
> interests; recognizing that courts should "exercise discretion to avoid unjustified
> disclosure of such intimate personal information by ordering redactions of . . .
> requested documents as needed to protect the individual privacy interests of
> 'innocent third parties'").  In applying the common law right of access to court
> files, one appellate court has distinguished between materials filed with discovery
> motions and materials filed with more substantive motions.  *See Chicago Tribune
> Company v. Bridgestone/Firestone, Inc.*, 263 F.3d 1304, 1311 (11th Cir. 2001).
>
> > The better rule is that material filed with discovery motions is not
> > subject to the common-law right of access, whereas discovery
> > material filed in connection with pretrial motions that require
> > judicial resolution of the merits is subject to the common law right
> > . . . This means that the Firestone documents filed in connection

with motions to compel discovery are not subject to the common-law right of access.

*Id.* at 1312-13.

*Cf. Belmont*, 2015 WL 11017785, at *3 (noting that the "common-law right of access does not extend to information collected through discovery which is not a matter of public record") (quoting *Alexander Grant*, 820 F.2d at 355); *Burke v. Glanz*, No. 11-CV-720-JEB-PJC, 2013 WL 211096, at *4 (N.D. Okla. Jan 18, 2013) (in rejecting plaintiff's contention that the stipulated protective order would "cover this proceeding in a 'shroud of secrecy," the court noted that "the public has not been denied access to these proceedings" and "the public has been informed of the factual and legal issues in the case;" the court acknowledged that "[d]iscovery involves the use of compulsory process to facility orderly preparation for trial, not to educate or titillate the public").

A party's confidential designation under the terms of a stipulated protective order, without more, will not justify restricting public access under Local Rule 7.2. *See* D.C.COLO.LCivR. 7.2(c)(2) ("stipulations between the parties or stipulated protective orders with regard to discovery, alone, are insufficient to justify restriction"). The notion that Defendant's proposed Paragraph 11 would somehow compromise the public's right of access or "improperly place" on Plaintiffs a "burden" to oppose secrecy is simply belied by the facts, case law, and Local Rule 7.2. This court has not been asked to restrict the public's right of access in any way. More to the point, the "burden" under Rule 7.2 is squarely on the party that seeks to restrict the public's access to court proceedings or dispositive motions, and I can find no authority that supports the view that the designating party can shift that burden. *Cf. XY, LLC, v. Trans Ova Genetics, LC*, No. 13-cv-00876-WJM-NWY, 2015 WL 7014419, at *2 (D. Colo.

16

Nov. 12, 2015) (holding that the party seeking a filing restriction has the burden of persuasion and must make the multi-part showing under Local Rule 7.2(c)); *Zasada v. City of Englewood*, No. 11-cv-02834-MSK-MJW, 2013 WL 5445669, at *2 (D. Colo. Sept. 30, 2013) (citing Local Rule 7.2 and holding that "[d]ocuments filed with the Court are presumptively available to the public, and the burden is on the party seeking restriction to justify such relief").

B.    *The Dispute Over Paragraph 12*

The parties also have provided competing versions of Paragraph 12, which addresses the disposition of confidential information and materials upon the conclusion of this case.

Defendant proposes this provision:

> 12.    Within thirty (30) days after the conclusion of this action, including any appeals, unless other arrangements are agreed upon in writing by the Parties, each document and copies thereof which have been designated as Confidential shall be returned to the Producing Party or destroyed.

Defense counsel insists that a less stringent provision would be "unreasonable and unjustified, [and] would defeat the very purpose of only exchanging Confidential Information *within the scope of prosecuting or defending this case.*" *See* Defendant's Motion for Entry of a Protective Order (doc. 36) at ¶ 7.  Stated differently, counsel reasons that if designated materials can only be used in the context of this case, defense counsel "would have no reason to retain Confidential Information in perpetuity." *Id.* at ¶ 8.

Plaintiffs argue instead that the court should adopt the following language apparently taken from other stipulated protective orders:[19]

_____

[19]Again, this case is distinguishable precisely because counsel were unable or unwilling to agree to a stipulated protective order.  In the absence of agreement, the court is not required to conform to language utilized in other cases or protective orders.  *Cf. LEGO A/S v. Best-Lock Constr. Toys, Inc.*, No. 11-CV-1586 CSH, 2012 WL 6156129, at *2 (D. Conn. Dec. 11, 2012)

12.     After the conclusion of this matter, including any appeals, unless other arrangements are agreed upon, each document and all copies thereof designated as Confidential shall be returned to the Party that designated the material as Confidential, or the parties may elect to destroy Confidential documents.  Where the parties agree to destroy Confidential documents, the destroying Party shall, upon written request, provide all Parties with an affidavit within thirty (30) days of such request confirming the destruction.  Counsel may retain a single set of Confidential records according to the terms and conditions of this Protective Order for a period of no more than seven (7) years from the conclusion of the litigation at which time the Confidential records shall either be returned or destroyed.

In support of this language, Plaintiffs' counsel maintains that his clients "are opposed to summarily destroying documents and facts documenting the conduct of public and corporate entities and their agents," that "[d]ocument destruction is antithetical to transparency and accountability," and that "[l]ong-term (but confidential) document retention is relevant for use in possible malpractice cases, and for subsequent related or similar cases."  *See* Plaintiffs' Response (doc. #40) at ¶¶ 14-16.  It should be noted that neither side has cited the court to any controlling precedent on point.

Upon closer examination, I find shortcomings with both provisions and the arguments of both counsel.  I can appreciate Defendant's desire to control access to information it believes is confidential, and particularly highly personal information concerning United Airlines employees who have no wish to be embroiled in this or any other dispute.  However, read literally, Defendant's Paragraph 12 would require Plaintiffs' counsel to return or destroy confidential information in whatever form, including designated information and materials incorporated in court filings, deposition transcripts, attorney-client communications, and counsels' work

———————————————

(noting that "whether a protective order should issue and what it should say are fact-intensive questions, a reality diminishing the precedential value of decisions in a much-litigated area of the law"), *recon. denied on other issue,* 2013 WL 1611462 (D. Conn. Apr. 15, 2013).

product.  In short, Defendant's proposal sweeps too broadly.   Plaintiffs' counsel should be permitted to retain files that reflect their work in this case.  To justify Defendant's prophylactic measure, I must presume that counsel will not diligently and professionally adhere to their obligations under the Protective Order and to the court.  I have no desire to adopt such a cynical view in this or any other case.

Plaintiffs' proposal is equally problematic to the extent it relies upon the potentiality of a malpractice claim, or merely speculates about "subsequent related or similar cases."  While the parties remain at odds as to some provisions, they did agree that '[c]onfidential information shall not be disclosed or used for any purpose except the preparation and trial of this case."  That is an eminently reasonable condition, and I will incorporate that exact language in the court's Protective Order.

I believe that I can strike an appropriate balance by substituting the following language in Paragraph 12:

> 12.     Unless other arrangements are agreed upon by the Parties or ordered by the Court, within sixty (60) days after the disposition of this case, including any appeals, each Party shall return or destroy  all information, documents and/or ESI, including copies, designated as Confidential by an opposing Party.  Counsel for the receiving Party shall promptly certify in writing that he or she, and their client(s), have complied in all respects with this obligation.  Notwithstanding the foregoing, counsel may retain their attorney work product, materials subject to the attorney-client privilege, and all court-filed documents even though they contain Confidential Information.  Counsel must, within thirty (30) days, provide opposing counsel with a written index identifying these archival materials.  Any retained Confidential Information shall remain subject to the terms and conditions of this Protective Order and shall not be disclosed or used for any purpose absent leave of court.

*Compare Catalina Aramburo Lizarraga v. Buffalo Wild Wings, Inc.*, No. 15-cv-01655-MMD-VCF, 2016 WL 716916, at *3 (D. Nev. Feb. 19, 2016); *Dennington v. State Farm Fire & Cas.*

*Co.*, No. 14-cv-04001, 2015 WL 1522238, at *5 (W.D. Ark. Apr. 2, 2015); *Whitwam v. Jetcard*

*Plus, Inc.*, No. 14-CV-22320, 2015 WL 1014292, at *2 (S.D. Fla. Jan. 21, 2015); *In re New*

*Motor Vehicles Canadian Export Antitrust Litig.,* MDL No. 03-md-1532, 2009 WL 861485, at

*18 (D. Me. Mar. 26, 2009).

C.      *The Court's Revision to Paragraph 4*

In the normal case and in the absence of countervailing considerations, this court is

inclined to approve a stipulated protective order endorsed by all the parties to the litigation.

Here, the court must assume responsibility for finalizing a protective order because the parties

could not reach agreement.  Once forced to intervene, the court has the prerogative to consider

provisions that, while agreed-upon, seem problematic in light of the Federal Rules of Civil

Procedure.

Defendant's proposed protective order states, without apparent objection from Plaintiffs,

that:

> 4.      Documents designated as "Confidential" shall be first reviewed by a
> lawyer who will confirm that the designation is based on a good faith belief that
> the information is confidential or otherwise entitled to protection under Fed. R.
> Civ. P. 26(c)(1).

I will not adopt this provision.

This court addressed the interplay between Rules 26(c) and Rule 26(g)[20] in an Order

---

[20]By signing discovery requests, responses or objections, an attorney certifies, to the best
of their knowledge, information and belief formed after a reasonable inquiry, that the discovery
request, response or objection is (i) consistent with the Federal Rules of Civil Procedure and
warranted by existing law or by a nonfrivolous argument for extending, modifying or reversing
existing law, or for establishing new law; (ii) not interposed for any improper purpose, such as to
harass, cause unnecessary delay, or needlessly increase the cost of litigation; and (iii) neither
unreasonable nor unduly burdensome or expensive, considering the needs of the case, prior
discovery in the case, the amount in controversy, and the importance of the issues at stake in the

entered in *Cartel Asset Management v. Ocwen Financial Corp.*, No. 01-cv-01644-REB-CBS, 2010 WL 502721, at *18 (D. Colo. Feb. 8, 2010). There I wrote:

> Rule 26(g) "imposes an affirmative duty to engage in pretrial discovery in a responsible manner that is consistent with the spirit and purposes of Rules 26 through 37." The Rule 26(g) certification requirement is intended to deter both excessive discovery and evasion on the part of the responding party.[21]

*Id.* (holding that it is "wholly appropriate" to apply the Rule 26(g) standard to a protective order under Rule 26(c)) (internal citation omitted).

Six years after my decision in *Cartel Asset Management,* I still can find no reason why the Rule 26(g) certification requirement should not apply to this or any other Rule 26(c) protective order.[22] *Cf. SOLIDFX, LLC v. Jeppesen Sanderson, Inc.*, No. 11-cv-01468-WJM-BNB, 2012 WL 2917116, at *5 (D. Colo. Jul. 16, 2012) ("An improper designation of a

---

action. *See* Fed. R. Civ. P. 26(g)(1)(B).

> Rule 26(g) charges those responsible for the success or failure of pretrial discovery—the trial judge and the lawyers for the adverse parties—with approaching the process properly: discovery must be initiated and responded to responsibly, in accordance with the letter and spirit of the discovery rules, to achieve a proper purpose (i.e., not to harass, unnecessarily delay, or impose needless expense), and be proportional to what is at issue in the litigation, and if it is not, the judge is expected to impose appropriate sanctions to punish and deter.

*Mancia v. Mayflower Textile Servs., Co.*, 253 F.R.D. 354, 360 (D. Md. 2008).

[21]Rule 26(g)(3) states that "[i]f a certification violates this rule without substantial justification, the court, on motion or on its own, must impose an appropriate sanction on the signer, the party on whose behalf the signer was acting, or both." *See* Fed. R. Civ. P. 26(g)(3).

[22]Courts have held the Rule 26(g) standard applies equally to privilege logs under Fed. R. Civ. P. 26(b)(3). *See, e.g., Fish v. Kobach*, No. 16-2105-JAR-JPO, 2016 WL 893787, at *3 (D. Kan. Mar. 8, 2016) (acknowledging that the Rule 26(g) certification requirement extends to privilege logs); *Rhodes v. Ingram*, No. 7:13-CV-192-BR, 2015 WL 1038136, at *4 (E.D. N.C. Mar. 10, 2015) (requiring defendants to provide a "privilege log in conformance with Rule 26(b)(5)(A) that is signed in accordance with Rule 26(g)").

document as confidential under a blanket protective order, like the improper certification of a discovery response under Rule 26(g), subjects the designating lawyer to the risk of sanctions."); *Norouzian v. Univ. of Kan. Hosp. Auth.*, No. 09-cv-2391-KHV-DJW, 2010 WL 4513406, at *6 n. 34 (D. Kan. Nov. 2, 2010) (warning counsel that any objections contained in a Rule 26(c) motion for protective order "will, of course, be subject to the certification and sanction provisions of Rule 26(g)"); *Paradigm Alliance, Inc. v. Celeritas Techs., LLC,*, 248 F.R.D. 598, 606 n. 24 (D. Kan. Feb. 28, 2008) (in addressing plaintiff's motion challenging defendant's "attorneys' eyes only" designations, the court admonished counsel "to review Rule 26(g) before bringing any additional disputes" concerning those designations); *In re NASDAQ Market-Makers Antitrust Litig.,* 164 F.R.D. 346, 357 (S.D.N.Y. 1996) (warning counsel that "[t]he designation of a document as confidential will be viewed as equivalent to a motion for protective order and will, thus, be subject to the sanctions of Rule 26(g)").

While my concerns certainly are not prompted by, or directed to, counsel in this case, as a general matter a "good faith" standard for designating information as confidential is amorphous and prone to spark designation disputes.  Arguably, a subjective good faith standard could be satisfied if counsel claims an honest belief that the designation is proper, even if that designation is objectively unreasonable.  *Compare Minter v. Wells Fargo Bank, N.A.*, No. WMN-07-2442, 2010 WL 5418910, at *2 (D. Md. Dec. 23, 2010) (noting that while the parties' Stipulated Order Regarding Confidential Materials stated that a producing party may designate materials as "confidential only when such person in good faith believes it contains sensitive personal information, trades secrets, [etc]," a designating party acts "at their peril" if they "over-designat[e]" documents as confidential) and *Sprint Nextel Corp. v. Middle Man, Inc.*, No. 12-

22

2159-JTM, 2014 WL 1048638, at *2 (D. Kan. Mar. 19, 2014) (under Fed. R. Civ. P. 11, "[a]n attorney's subjective good faith belief in the merit of an argument does not suffice to meet" a standard of objective reasonableness).  *See also Schiller v. City of New York*, No. 04 Civ. 7922 KMK JCF, 2007 WL 136149, at *19 n. 13 (S.D.N.Y. Jan. 19, 2007) (noting that "whenever an umbrella protective order is issued, 'there is a danger [ ] that counsel will err on the side of caution by designating confidential any potentially sensitive document") (quoting *Cipollone v. Liggett Grp., Inc.*, 785 F.2d 1108, 1122, n. 17 (3rd Cir. 1986)); *Humphreys v. Regents of Univ. of Cal.*, No. C-04-03808 SI (EDL), 2006 WL 3302444, at *5 (N.D. Cal. Nov. 14, 2006) (awarding nearly $50,000 in fees and costs incurred by plaintiff "as a result of Defendants' over-designation of documents as confidential").  Requiring the designating party and their counsel to comply with the Rule 26(g) certification requirement is not unreasonable and may forestall designation disputes and related motion practice.

## CONCLUSION

Accordingly, for the reasons stated, this court will grant in part and deny in part Defendant United Airlines, Inc.'s Motion for the Entry of a Protective Order (doc. #36). Pursuant to Rule 26(a), I find good cause for entry of a Protective Order in the form of Appendix A.

DATED this 16th day of September, 2016.

BY THE COURT:

s/ Craig B. Shaffer
United States Magistrate Judge

# APPENDIX A

## PROTECTIVE ORDER

After consideration of Defendant's proffered protective order and Plaintiffs' proposed alternative language, and for the entry of a Protective Order to protect the discovery and dissemination of confidential information or information that will improperly annoy, embarrass, or oppress any party, witness, or person providing discovery in this case, IT IS HEREBY ORDERED:

1. This Protective Order shall apply to all documents, materials, and information, including without limitation, documents produced, answers to interrogatories, responses to requests for admission, deposition testimony, and other information disclosed pursuant to the disclosure or discovery duties created by the Federal Rules of Civil Procedure and designated as "Confidential" pursuant to the terms of this Protective Order.

2. As used in this Protective Order, "document" is defined as provided in Fed. R. Civ. P. 34(a)(1)(A). A draft or non-identical copy is a separate document within the meaning of this term.

3. Information designated "Confidential" shall be information that is confidential financial, legal or business information and/or trade secrets and implicates common law and/or statutory privacy interests of current or former employees, representatives or agents of United Airlines, Inc. ("United") or the parent company, affiliated companies, or related companies, vendors, customers, agents, insurers, attorneys, or clients of United, including but not limited to Plaintiffs Jeanne Stroup and/or Ruben Lee. Designation of information as Confidential shall not affect its discoverability. Confidential information shall not be disclosed or used for any purpose except

the preparation and trial of this case.

4.      Documents designated as "Confidential" shall be reviewed by a lawyer who will certify, pursuant to Fed. R. Civ. P. 26(g), that the designated information is confidential or otherwise entitled to protection under Fed. R. Civ. P. 26(c)(1).

5.      Confidential documents, materials, and/or information (collectively "Confidential Information") shall not, without the consent of the Party producing it or further Order of the Court, be disclosed except that such information may be disclosed to:

        (a)      attorneys actively working on this case;

        (b)      persons regularly employed or associated with the attorneys actively working on the case whose assistance is required by said attorneys in the preparation for trial, at trial, or at other proceedings in this case;

        (c)      the Parties, including representatives for United;

        (d)      expert witnesses and expert consultants retained in connection with this proceeding, to the extent such disclosure is necessary for preparation, trial or other proceedings in this case;

        (e)      the Court and/or its employees ("Court Personnel");

        (f)      stenographic reporters who are engaged in proceedings necessarily incident to the conduct of this action;

        (g)      deponents, witnesses, or potential witnesses provided all such individuals have executed a copy of the attached Nondisclosure Agreement; and

        (h)      other persons by prior written agreement of all the Parties.

6.      Prior to disclosing any Confidential Information to any person listed in

paragraphs 5(d), (g) or (h), counsel shall provide such person with a copy of this Protective Order and obtain from such person a written acknowledgment (in the form of the attached Nondisclosure Agreement) stating that he or she has read this Protective Order and agrees to be bound by its provisions.  All such acknowledgments shall be retained by counsel, and shall be subject to *in camera* review by the Court if good cause for review is demonstrated by opposing counsel.

7.      Documents are designated as Confidential by placing or affixing on them (in a manner that will not interfere with their legibility) the following or other appropriate notice: "Confidential."

8.      In the event Electronically Stored Information ("ESI") is disclosed or discovered in the course of this litigation, including, but not limited to, ESI provided in a native format on hard disks or other magnetic data storage disks, removable disks and/or drives, portions thereof, or digital images of data storage disks or drives, such information may be designated as Confidential in a written communication or in an electronic mail message to the non-producing Party or Parties.

9.      Any Party who inadvertently discloses documents that are privileged or protected by the work product doctrine shall, promptly upon discovery of such inadvertent disclosure, so advise the receiving Party and request that the documents be returned.  The receiving Party shall return such inadvertently produced documents, including all copies and copies the receiving Party provided to any other individual or entity, within fifteen (15) days of receiving such a written request.

10.     Whenever a deposition involves the disclosure of Confidential Information, the

deposition or portions thereof shall be designated as Confidential and shall be subject to the

provisions of this Protective Order.  Such designation shall be made on the record during the

deposition whenever possible, but a Party may designate portions of depositions as Confidential

after transcription, provided written notice of the designation is promptly given to all counsel of

record within thirty (30) days after notice by the court reporter of the completion of the

transcript.

        11.     A Party may object to the designation of information as Confidential by giving

written notice to the designating Party.  The written notice shall identify the information,

documents, or ESI  to which the objection is made and state the basis for the challenge.  Counsel

for the Parties shall then, in good faith and on an informal basis, attempt to resolve such dispute.

If, after such good faith efforts, counsel are unable to resolve the dispute, counsel must comply

with the Magistrate Judge's practice standards pertaining to discovery disputes.  The designating

Party bears the ultimate burden of persuasion if a Confidential designation is disputed.  A Party

does not waive the right to challenge a Confidential designation by not promptly asserting an

objection, unless an immediate challenge is necessary to avoid foreseeable substantial

unfairness, unnecessary economic burdens, or a later significant disruption or delay of the

litigation.  Information and/or document(s) shall continue to have Confidential status from the

time it is produced until the Confidential designation is rescinded by agreement of the Parties or

struck by order of the Court.

        12.     Unless other arrangements are agreed upon by the Parties or ordered by the Court,

within sixty (60) days after the disposition of this case, including any appeals, each Party shall

return or destroy  all information, documents and/or ESI, including copies, designated as

Confidential by an opposing Party.  Counsel for the receiving Party shall promptly certify in writing that he or she, and their client(s), have complied in all respects with this obligation. Notwithstanding the foregoing, counsel may retain their attorney work product, materials subject to the attorney-client privilege, and all court-filed documents even though they contain Confidential Information.  Counsel must, within thirty (30) days, provide opposing counsel with a written index identifying these archival materials.  Any retained Confidential Information shall remain subject to the terms and conditions of this Protective Order and shall not be disclosed or used for any purpose absent leave of court.

13.     The termination of this action shall not relieve counsel or any Party or other persons obligated hereunder from their responsibility to maintain the confidentiality of Confidential Information pursuant to this Protective Order, and the Court shall retain continuing jurisdiction to enforce the terms of this Protective Order, even after this action is terminated.

14.     In the event a Party intends to restrict public access to documents filed in Court that contain Confidential Information, that Party shall comply with D.C.COLO.LCivR 7.2.

15.     Nothing in this Protective Order shall prevent any Party or other person from seeking modification of this Order or from objecting to discovery that the Party or other person believes to be improper.  Nothing in this Protective Order shall prejudice the right of any Party to contest the alleged relevancy, admissibility, or discoverability of confidential documents or information sought.

16.     This Protective Order may be modified by the Court at any time for good cause shown following notice to all Parties and an opportunity for them to be heard.