IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Daniel D. Domenico

Civil Action No. 15-cv-01389-DDD-STV

JEANNE STROUP and
RUBEN LEE,

    Plaintiffs,

v.

UNITED AIRLINES, INC.,

    Defendant.

---

ORDER ON PLAINTIFFS' SUPPLEMENTAL
MOTION FOR ATTORNEY'S FEES

---

This matter is before the Court on review of Plaintiffs' Supplemental Motion for Attorney's Fees, filed February 6, 2019.[1] (Doc. 249.) Plaintiffs' claims for discrimination under the Age Discrimination in Employment Act ("ADEA") were tried to a jury from February 26 to March 2, 2018. On March 5, 2018, the jury returned a verdict in favor of Plaintiffs on all claims and awarded them back pay. The jury also found Defendant United's conduct to be willful.

On October 17, 2018, following extensive briefing and an evidentiary hearing held on August 14 and 16, 2018, the Court issued an Order on Damages. (Doc. 220.) In that Order, the Court affirmed the jury's back pay awards to Plaintiff

---

[1] Upon the passing of Judge Wiley Y. Daniel, this matter was reassigned to Judge Daniel D. Domenico on May 21, 2019.

Stroup in the amount of $214,479 and to Plaintiff Lee in the amount of $195,552. The Court also awarded the Plaintiffs liquidated damages equal to their back pay awards based on the jury's willful finding. The Court further awarded Stroup front pay in the amount of $314,711 and Lee front pay in the amount of $206,862. Finally, the Court awarded Stroup a tax penalty offset of $66,070 and Lee a tax penalty offset of $30,417. (Doc. 220 at 40-41.)

On December 5, 2018, the Court issued a detailed order awarding Plaintiffs $415,483 in attorney fees. (Doc. 232.) The Court adopts that analysis and incorporates its December 5, 2018 order by reference herein.

## I. ANALYSIS

Plaintiffs seek a supplemental award of attorney's fees for time spent litigating the post-trial damages issues, the post-trial motions filed by the Defendant, and for time spent preparing the original request for attorney's fees.[2] Plaintiffs request $147,423.00 and submit billing records reflecting 349.5 hours expended by four attorneys, one paralegal, and one legal assistant at rates ranging from $120 to $590 per hour.[3] (Doc. 249 at 5.)

By reference to the Fair Labor Standards Act, the ADEA provides for an award of reasonable attorney's fees and costs to be paid by the defendant. *See* 29

---

[2] In the reply brief, Plaintiffs wisely withdrew their request for reimbursement of expert witness fees, which are not recoverable in an ADEA case. (Doc. 253 at 10 n.5.)

[3] In its December 5, 2018 order, the Court approved these hourly rates. Consistent with that order, the Court rejects Defendant's renewed objections and will not revisit the issue of what constitutes a reasonable hourly billing rate. (Doc. 232.)

U.S.C. §§ 626(b), 216(b). A plaintiff may be considered a prevailing party for attorney's fees purposes if he "succeed[s] on any significant issue in litigation which achieves some of the benefit the part[y] sought in bringing suit." *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983) (internal citations omitted). Because Plaintiffs are the prevailing parties in this litigation and are entitled to recover reasonable attorney's fees, the Court must address the issue of "what fee is reasonable." *Id.* (internal quotation marks omitted).

"The Tenth Circuit generally allows recovery of fees for an attorney's work in seeking attorney's fees." *Cummins v. Campbell*, 44 F.3d 847, 855 (10th Cir. 1994). "However, the award of fees for the preparation of the fee application is not without limits." *Id.* "It is obviously fair to grant a fee for time spent litigating the fee issue, *at least if the fee petitioner is successful and his claim as to a reasonable fee is vindicated,* since it is the adversary who made the additional work necessary." *Glass v. Pfeffer*, 849 F.2d 1261, 1266 n.3 (10th Cir. 1988) (emphasis added; citation and internal quotations omitted).

"To determine the reasonableness of a fee request, a court must begin by calculating the so-called lodestar amount of a fee, and a claimant is entitled to the presumption that this lodestar amount reflects a reasonable fee." *Robinson v. City of Edmond*, 160 F.3d 1275, 1281 (10th Cir. 1998) (citations and internal quotation marks omitted). "The lodestar calculation is the product of the number of attorney hours reasonably expended and a reasonable hourly rate." *Id.* (internal citations and quotation marks omitted).

3

Defendant argues that the supplemental fee award should be reduced for excessive, redundant, unnecessary, and purely administrative billing. Upon a careful and detailed review of the billing statement, the Court finds some merit in Defendant's argument. Plaintiffs billed approximately 30 hours related to a discovery request for Defendant's counsel's billing records and a motion to compel, which was ultimately denied as "unnecessary and would not materially assist [the Court] in analyzing the [relevant] issues." (Doc. 232 at 20.) While the Court does not believe this motion was made in bad faith or was entirely frivolous, *see Littlefield v. Deland*, 641 F.2d 729, 733 (10th Cir. 1981), discovery had closed, and these hours were ultimately expended unnecessarily.

Additionally, Plaintiffs' billing records contain a handful of vague and duplicative billing entries that reflect time spent by multiple firm employees in internal meetings, sending internal emails, discussing strategy, and working on the same task. (*See* Doc. 249, Plaintiffs' Exs. 1-6.) The term duplicative in this context "usually refers to situations where more than the necessary number of lawyers are present for a hearing or proceeding or when multiple lawyers do the same task. The more lawyers representing a side of the litigation, the greater the likelihood will be for duplication of services." *Robinson*, 160 F.3d at 1285 n.10 (internal citations and quotation marks omitted). Finally, in considering the factors set forth in *Ramos v. Lamm*, 713 F.2d 546, 553-54 (10th Cir. 1983), the Court finds that Plaintiffs' billing statement reflects purely administrative tasks such as organizing and filing documents, and calendaring deadlines. *Id.*

4

In view of the unnecessary billing relating to Plaintiffs' discovery requests, the duplicative billing entries, and the billing for purely administrative tasks, the Court finds that the claimed number of hours expended in the supplemental request is slightly unreasonable and excessive. Therefore, the Court finds that a general reduction of 15% of the requested hours is appropriate. *See Fox v. Vice*, 563 U.S. 826, 838 (2011) ("The essential goal in shifting fees . . . is to do rough justice, not to achieve auditing perfection"); *DeGrado v. Jefferson Pilot Financial Ins. Co.*, No. 02-cv-01533-WYD-BNB, 2009 WL 1973501, at *10 (D. Colo. July 6, 2009) (finding that a general reduction of fees requested is appropriate); *Carr v. Fort Morgan School Dist.*, 4 F. Supp. 2d 998, 1003 (D. Colo. 1998) (same).

After accounting for the reduction of hours and rates detailed above, the lodestar calculation is as follows:

| **Employee** | **Hourly Rate** | **Hours Billed** | **Total Fee** |
|---|---|---|---|
| David A. Lane | $590 | 104.2 reduced by 15%= 88.57 | $52,256.30 |
| Darold W. Killmer | $590 | 20.5 reduced by 15%= 17.425 | $10,280.75 |
| Michael Fairhurst | $375 | 37.8 reduced by 15%= 32.13 | $12,048.75 |
| Liana Orshan | $350 | 141.5 reduced by 15% = 120.275 | $42,096.25 |
| Paralegal | $175 | 35 reduced by 15% = 29.75 | $5,206.25 |
| Legal Assistant | $120 | 10.5 reduced by 15% = 8.925 | $1,071.00 |
| **TOTAL** | | 297.075 | **$122,959.30** |

## II. CONCLUSION

Based on the foregoing, it is ORDERED that Plaintiffs' Supplemental Motion for Attorney's Fees, ECF No. 249, is GRANTED IN PART AND DENIED IN PART. The motion is GRANTED to the extent that Plaintiffs are awarded supplemental attorney's fees in the amount of $122,959.30 as set forth in this order. The motion is DENIED in all other respects.

It is FURTHER ORDERED that the Second Amended Final Judgment, Doc. 233, shall be amended to reflect the award of supplemental attorney's fees.

Dated: September 4, 2019.

BY THE COURT:

s/*Daniel D. Domenico*
Daniel D. Domenico
United States District Judge